JOHNSON, Chief Justice,
would grant the writ application.
hi find the lower courts erred in excluding plaintiffs expert from testifying regarding the appropriate standard of care for treatment of a diabetic foot. The lower courts applied the locality rule in La. R.S. 9:2794(A)[1] to exclude the testimony of Dr. Willard Noyes, a Pennsylvania vascular surgeon.
This court has long held that a specialist with knowledge of the requisite subject matter was qualified to testify regarding the standard of care in a general practitioner’s locale. See Leyva v. Iberia General Hospital, 94-0795 (La.10/17/94), 643 So.2d 1236, 1239; McLean v. Hunter, 495 So.2d 1298, 1302 (La.1986). Dr. Noyes specializes in vascular surgery. Moreover, Dr. Noyes testified that he worked for twelve years as a general practitioner with actual experience working in prisons. His surgeries have included amputations above and below the knee due to diabetic foot problems. Therefore, in my view, Dr. Noyes was 12adequately qualified to testify for the plaintiff regarding the standard of care applicable to treatment of diabetic foot complications.
Moreover, this court has also recognized that where there is a uniform standard of practice, an expert having knowledge of such standard is qualified to testify, and that the testifying expert in this circumstance is not constrained by the need to have practiced in a similar community or locale and under similar circumstances. See Leyva, 643 So.2d at 1239; Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378, 1381 (La.1992). As Justice Lemmon recognized in his concurrence in Piazza, “the locality rule in medical malpractice cases is appropriately applied when there may be an acceptably different standard of care or skill for the particular treatment in the locality in which the health care provider practices, such as *1250 when the situation dictates the use of sophisticated equipment not available in the health care provider’s locale.” In this case, Mr. Berthelot suffered from diabetic neuropathy, resulting in an infection in his foot. I find plaintiff sufficiently established a uniform standard of care or skill for treatment of this medical condition. Such standard of treatment applies to all members of the medical profession, and the general practitioners who treated Mr. Berthelot in prison are no exception. Thus, I find application of a different local standard is not warranted by the circumstances of the locality.
Accordingly, I would grant the plaintiffs writ application, finding the lower courts erred in their blanket application of the locality rule to disqualify Dr. Noyes from testifying. To require that plaintiffs expert practice in similar communities and under similar circumstances by being experienced in general medicine in the Louisiana prison system was error and prejudicial to the plaintiff, and is not supported by the jurisprudence of this state.

. La. R.S 9:2794(A) provides, in pertinent part:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq. ... the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ... licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.